## SONDERICKER v. UNITED STATES.
### No. 4308.

Circuit Court of Appeals, Seventh Circuit.
May 28, 1930.

Albert K. Stebbins, of Milwaukee, Wis., for appellant.

L. H. Bancroft, of Milwaukee, Wis., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The judgment from which this appeal was prosecuted was rendered on a verdict convicting appellant of maintaining a common nuisance under section 21, title 2, of the National Prohibition Act (27 USCA § 33).

The indictment charged him with maintaining a nuisance at the premises described, in that he there "did sell and possess for sale for beverage purposes, certain intoxicating liquors, to wit: * * *"

The "Statement of Facts" of the brief for the appellant sets out the propositions whereon the appeal is grounded, and the facts upon which they arise, as follows:

"The appellant, upon arraignment, pleaded 'not guilty,' but, upon the calling of the case for trial, withdrew said plea and made his several motions to strike out the word 'possess for sale' and 'possessed for sale,' where they appeared in the indictment as surplusage both under the Eighteenth Amendment and the Volstead Act. Upon the overruling of said motions, appellant renewed his plea of 'not guilty' but introduced no evidence, continuing to rely upon the objections originally interposed in the motions to strike, as aforesaid, which objections, differing only in form were renewed, 1st: on motion to discharge defendant at the close of the government's case, 2nd: on motion to discharge defendant at the conclusion of all of the evidence, 3rd: on motion for arrest of judgment upon the coming in of the verdict of the jury and 4th: on motion for stay of execution. All of the foregoing motions were overruled and exceptions properly preserved.

"The propositions of law involved in the above motions and upon which this appeal is based, are 1st: That the Eighteenth Amendment does not prohibit the possession of alcoholic liquor and that the Volstead Act, insofar as it attempts to prohibit such possession, is unconstitutional. 2nd: That the Volstead Act in terms prohibits possession but does not include an aggravated form of possession, coupled with a wrongful intent, and that, by charging 'possession for sale,' the indictment undertook to hold appellant to answer an offense unknown to the law."

If, as stated in the motion, the assailed words "appeared in the indictment as surplusage," then, as in any pleading, the "surplusage" would be disregarded the same as though not present at all. That is what is meant by "surplusage." Black's or Bouvier's Law Dictionary. Or if, assuming the propriety in any event of a motion to strike out or otherwise amend an indictment, appellant's motion to strike had been granted, it would have followed, both in case of treating the words as surplusage, as well in the case of striking them out, there would then have remained the charge of maintaining the premises as a common nuisance, in that the defendant "did sell for beverage purposes certain intoxicating liquor, to wit: * + * " —a perfectly good indictment under section 21, of title 2, the relevant part of which is:

"Any room, house, building, boat, vehi-

cle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this chapter, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance, and any person who maintains such a common nuisance shall be guilty of a misdemeanor. * * * "

The indictment is not for the act of selling or possessing for sale, but for maintaining a nuisance through the several alleged means. The means are disjunctively stated in the statute. Any valid one of several means charged will, if proved, sustain the charge and uphold a conviction thereon. Sale of liquor upon premises as a means whereby an alleged nuisance was committed and maintained falls fully within section 21 as well as within the Eighteenth Amendment. An indictment charging the maintenance of a nuisance through sale is not subject to objection, for the reason that the same indictment alleges further means whereby the same nuisance was maintained, which neither the Eighteenth Amendment nor the statute recognize as means whereby a nuisance might be committed or maintained.

The bill of exceptions states that evidence was received and a verdict of guilty found by the jury, but it does not present the evidence, and we must conclusively presume there was evidence to sustain the allegation of selling as the means whereby the nuisance was maintained. This situation requires affirmance of the judgment, regardless of whether there is merit in appellant's contention that neither the Eighteenth Amendment nor section 21 of title 2 authorizes the penalizing of mere possession of liquor.

The judgment is affirmed.